UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARRYL OLIVER,

       Plaintiff,

v.                                          CASE NO. 3:16-cv-1490-J-34MCR

LISA LYONAIS,

       Defendant,
_____/

DARRYL OLIVER,

       Plaintiff,

v.                                          CASE NO. 3:16-cv-1491-J-34MCR

MITZI HOVANCIK,

       Defendant,
_____/

DARRYL OLIVER,

       Plaintiff,

v.                                        CASE NO. 3:16-cv-1492-J-34MCR

J. SHULMAN,

       Defendant,
_____/

DARRYL OLIVER,

       Plaintiff,

v.                                        CASE NO. 3:16-cv-1555-J-34MCR

KATHY HARRIS,

       Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the following motions: (a) Defendants' Dispositive Motion to Dismiss Consolidated Cases ("Motion to Dismiss") (Doc. 16);[2] (b) Plaintiff's motions to strike the Motion to Dismiss (Docs. 19, 21-23); (c) Plaintiff's motion to strike Defendants' response in opposition to Plaintiff's motions to strike the Motion to Dismiss (Doc. 26) (collectively, the "Motions to Strike"); (d) Plaintiff's motion requesting leave to correct or to clarify the Motions to Strike ("Motion to Clarify") (Doc. 27); and (e) Plaintiff's Motion to Remand to State Court ("Motion to Remand") (Doc. 28). Defendants responded to Plaintiff's Motions to Strike, Motion to Clarify, and Motion to Remand.[3] (Docs. 25, 31-32.) After consideration of the memoranda submitted by the parties and for the reasons stated herein, the undersigned recommends that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's Motion to Remand, Motions to Strike, and Motion to

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion] a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was not made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] Unless otherwise provided, the docket number cited corresponds to the lead case, *Oliver v. Lyonais*, Case No. 3:16-cv-1490-J-34MCR.

[3] Plaintiff failed to file a response in opposition to the Motion to Dismiss and the deadline for doing so has passed.

Clarify be **DENIED**.

**I.     INTRODUCTION**

Plaintiff, proceeding *pro se*, filed his Complaint in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, on August 5, 2016, against Lisa Lyonais for decisions she made while investigating Plaintiff's tax preparation business as an Internal Revenue Service ("IRS") employee. (Doc. 2.) Although Lisa Lyonais was an agent of the IRS on the date of the alleged incident giving rise to this lawsuit, Plaintiff asserts that the "lawsuit is not against the IRS," but rather against Lisa Lyonais in her individual capacity. (*Id.*) Plaintiff seeks a monetary judgment against Defendant Lyonais in the amount of $45,000, as damages for, *inter alia*, lost employment opportunities, court costs, and filing fees. (*Id.*) Plaintiff then filed separate, but similar, Complaints in state court seeking monetary damages against three other IRS employees: Mitzi Hovancik, J. Shulman, and Kathy Harris. (*See* Doc. 2 in Case Nos. 3:16-cv-1491-J-34MCR, 3:16-cv-1492-J-34MCR & 3:16-cv-1555-J-34MCR.) The cases were subsequently removed to this Court. (*See* Doc. 1 in Case Nos. 3:16-cv-1490-J-34MCR, 3:16-cv-1491-J-34MCR, 3:16-cv-1492-J-34MCR & 3:16-cv-1555-J-34MCR.) The Court consolidated the four lawsuits into the lead case, *Oliver v. Lyonais*, 3:16-cv-1490-J-34MCR. (Doc. 15.) The Court also directed Defendants to file a consolidated motion to dismiss and Plaintiff to file a consolidated motion to remand on or before March 3, 2017. (*Id.*)

On February 28, 2017, Defendants filed a consolidated Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or, alternatively, for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 16.)  On March 21, 2017, Plaintiff filed the Motions to Strike.  (Docs. 19, 21-23, 26.)  The Motions to Strike request the Court to strike Defendants' Motion to Dismiss and Defendants' response in opposition to the Motions to Strike, without providing any persuasive authority for doing so.  On April 12, 2017, Plaintiff filed his Motion to Clarify, requesting the Court to allow him to clarify his Motions to Strike, but without providing any persuasive authority for doing so.  (Doc. 27.)  The Motions to Strike and Motion to Clarify include similar, if not the same, text, and appear to consist mostly of statements explaining Plaintiff's view of the case.  (Docs. 19, 21-23, 26-27.)

On April 25, 2017, well after the deadline mandated by the Court, Plaintiff filed his renewed Motion to Remand.  (Doc. 32.)  Defendants responded to Plaintiff's Motions to Strike, Motion to Clarify, and Motion to Remand.[4]  (Docs. 25, 31, 32.)  Judge Howard issued an Order referring the Motion to Dismiss and Motion to Remand to the undersigned for entry of a Report and Recommendation.  (Docs. 17, 30.)

---

[4] Plaintiff filed an unauthorized reply to Defendants' March 29, 2017 response in opposition to the Motions to Strike.  (Doc. 29.)

4

## II.  DISCUSSION

### A.  Motions to Strike and Motion to Clarify

Plaintiff seeks to strike the Motion to Dismiss (Docs. 19, 21-23) and Defendants' response in opposition to the Motions to Strike (Doc. 26). Plaintiff also apparently seeks leave to clarify the Motions to Strike. (Doc. 27.) Upon consideration, the undersigned respectfully recommends that the Motions to Strike and the Motion to Clarify be denied.

With respect to the Motions to Strike, under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Pleadings are identified as complaints, answers, and replies to answers. Fed. R. Civ. P. 7(a). In the present case, Plaintiff seeks to strike Defendants' Motion to Dismiss and response in opposition to the Motions to Strike, which are not considered pleadings. *Id.* As such, the motions are procedurally improper.[5] Moreover, Plaintiff has provided no persuasive reason for the Court to strike or otherwise not consider the Motion to Dismiss or response in opposition to the Motions to Strike. Therefore, the undersigned recommends that the Motions to Strike be denied.

With respect to the Motion to Clarify, the undersigned will recommend that

---

[5] Further, Plaintiff violated Local Rule 3.01(g) by failing to confer with opposing counsel prior to filing the Motions to Strike. The Motions to Strike could be denied on this basis alone.

5

it likewise be denied.  Plaintiff has provided no persuasive reason why it is necessary for him to correct or clarify the Motions to Strike.  In fact, the Motion to Clarify fails to provide any attempt at clarification, but rather contains a garbled version of the lawsuits.

### B. Motion to Remand

Plaintiff argues that this case should be remanded to state court because his claims are based solely upon state law and the instant claims do not involve a federal question because Defendants' actions "were independent of the IRS." (Doc. 28 at 2.)  Defendants respond that jurisdiction is proper under 28 U.S.C. § 1442(a)(1) because this consolidated action involves employees of the United States.  (Doc. 32 at 4.)  Moreover, Defendants contend that this Court has original jurisdiction over this consolidated action pursuant to 28 U.S.C. § 1346. (*Id.* at 5.)

The undersigned finds that Defendants properly removed the consolidated lawsuits to this Court.  Defendants removed the consolidated lawsuits pursuant to 28 U.S.C. §§ 1442(a)(1) and 1346(a)(2).  Plaintiff alleges wrongful conduct against Defendants in a confusing, vague, and conclusory fashion.  However, upon liberal construction of the allegations, the wrongful conduct can be paraphrased as follows: (a) that Defendant Lyonais demanded information from third parties in the course of a criminal investigation of Plaintiff, and worked in connection with other IRS employees to commit "audit fraud" (Doc. 2 at 1); (b)

that Defendants Hovancik and Shulman committed "audit fraud" by failing to include certain information in their official reports to the IRS and, as a result, the IRS improperly assessed penalties against Plaintiff (Doc. 2 at 1 in Case Nos. 3:16-cv-1491-J-34MCR & 3:16-cv-1492-J-34MCR); and (c) that Defendant Harris "conspired to commit audit fraud" by meeting with other IRS employees to approve audits of tax returns that Plaintiff prepared, and "falsified" official records leading to improperly assessed penalties against him (Doc. 2 in Case No. 3:16-cv-1555-J-34MCR at 1).  Plaintiff's alleged wrongful conduct against Defendants, albeit vague and conclusory, clearly relates to acts committed under the color of Defendants' office as IRS employees and there is a causal connection between what Defendants have done under asserted official authority and the actions brought against them.  *See* 26 U.S.C. §§ 6201(a) (providing that the "[IRS] Secretary is authorized to make inquiries, determinations, and assessments of all taxes"); *see also Bateman v. Depcynski*, No. 1:12-cv-4118-SCJ, 2013 WL 7121195, at *2 (N.D. Ga. July 8, 2013) ("The purpose of 28 U.S.C. § 1442 is to permit removal of an action that would expose a federal officer to liability for performing acts that fall under the duties of his office.") (citing *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996)).  Thus, Defendants were entitled to remove the consolidated lawsuits to federal court pursuant to 28 U.S.C. § 1442(a)(1), which explicitly provides for the removal of a civil action against an employee of any agency of the United States "for or relating to any act

under color of such office."  Further, Plaintiff's argument that the cases were improperly removed because the alleged acts "were independent of the IRS" lacks merit, as removal under 28 U.S.C. § 1442(a)(1) is proper "despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law."  *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999).  Here, and as discussed further below, Defendants have presented a colorable immunity defense.  *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969) ("[O]ne of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.").

Moreover, although Plaintiff failed to reference any particular state or federal law in support of his claims, liberal construction of his allegations indicate either a federal constitutional violation or a tort committed by an employee of the United States.  As such, 28 U.S.C. 1346(a)(2) confers original jurisdiction on the district courts to hear and decide such claims and, thus, provides an additional basis for removal to federal court.  *See* 28 U.S.C. § 1346(a)(2) (providing that the district courts shall have original jurisdiction over civil actions founded upon the Constitution or any Act of Congress); § 1441(a) (providing for removal of any action brought in a state court of which federal district courts have original jurisdiction); § 2679(d)(2) (providing for removal of claims brought under the Federal Tort Claims Act).

### C. Motion to Dismiss

To survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "[B]are assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 680.

In evaluating the sufficiency of a complaint, a court should make reasonable inferences in plaintiff's favor, but is "not required to draw plaintiff's

9

inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal citation and quotation marks omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotation omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

However, it is well-established that the pleadings of *pro se* litigants must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). Further, "[a] court must favor the plaintiff with all reasonable inferences from the allegations in the complaint." *Allmond v. Bank of America*, No. 3:07-cv-186-J-33JRK, 2008 WL 205320, at *2 (M.D. Fla. Jan. 23, 2008).

In determining whether to grant or deny a motion to dismiss, the Court must evaluate the complaint "on two dimensions." *Id.* at *3. First, the Court must assess whether all the necessary elements required for recovery are addressed in the complaint. *Id.* "Second, the Court must determine whether the complaint addresses these elements with factual material sufficient to raise a right to relief beyond mere speculation." *Id.* "This material can be either direct or inferential." *Id.* at *5.

In general, before deciding whether to grant or deny a motion to dismiss, "a court must first determine whether it has proper subject matter jurisdiction before

addressing the substantive issues." *Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994).  Subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) can be challenged by a defendant in two ways: (1) facial attacks or (2) factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir.1990).  Facial attacks require the court to look at the complaint and determine whether the "plaintiff has sufficiently alleged a basis of subject matter jurisdiction, [assuming] the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)) (internal quotation marks omitted).  If a court finds that it lacks jurisdiction in a case, it need not examine nor address other issues raised in the motion to dismiss; the court need only state that it lacks jurisdiction and grant the motion to dismiss.  *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998).

  Defendants argue that Plaintiff has failed to sufficiently allege a waiver of sovereign immunity and has failed to state a claim upon which relief may be granted.  The undersigned agrees.  As an initial matter, Plaintiff's allegations of wrongful conduct against Defendants are insufficient to state a plausible claim because they are vague and conclusory.  *See Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted); *Fullman v. Graddick*, 739 F.2d 55, 556-57 (11th Cir. 1984)

11

("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). The allegations of wrongful conduct against Defendants, contained in separate two-page Complaints, are confusing at best and reference unexplained, unsupported conclusory terms, such as "audit fraud," "official misconduct," and "conspiracy to commit audit fraud." The undersigned finds these allegations insufficient to state a plausible cause of action against Defendants.[6]

Even assuming the allegations constitute a plausible cause of action against Defendants, Plaintiff has failed to meet his burden of showing that subject matter jurisdiction exists. "The doctrine of sovereign immunity is jurisdictional in nature and protects the United States and its agencies from suit." *Bateman*, 2013 WL 7121195, at *3 (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "Without statutory authority waiving sovereign immunity, the district court is powerless to adjudicate an action against the United States." *Id.* (citations omitted). As such, a plaintiff bears the burden of establishing a waiver of sovereign immunity.

---

[6] Plaintiff has filed multiple tax-protester suits in this Court that were all dismissed. See *Oliver v. Dep't of the Treasury Comm'r of Internal Revenue*, No. 3:15-cv-1344-J-25JRK (M.D. Fla.) (dismissed without prejudice on November 24, 2015); *Oliver v. Dep't of the Treasury IRS, Small Business & Self-Employed*, No. 3:14-cv-446-J-25MCR (M.D. Fla.) (dismissed for failure to prosecute on August 5, 2014); *Florida Fin. Solutions, Inc. v. Dep't of the Treasury IRS, Small Business & Self-Employed*, No. 3:13-cv-734-J-34TEM (M.D. Fla.) (dismissed without prejudice on July 30, 2013). He also filed a related petition before the United States Tax Court that was dismissed*, Oliver v. Comm'r*, No. 7697-15 (T.C.) (dismissed on August 5, 2015), and a miscellaneous case currently pending in this Court regarding between the United States and Plaintiff regarding official summonses issued by Lisa Lyonais, *United States v. Oliver*, No. 3:16-mc-55-32PDB (M.D. Fla.).

*Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015).  A plaintiff does not meet this burden by simply naming employees of the United States in their individual capacities.  *Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1225 (5th Cir. 1976) ("The applicability of the doctrine of sovereign immunity is to be determined, not by the party named as defendant, but by the result of the judgment or decree which may be entered.  Concisely stated the general rule is that a suit is barred by the doctrine if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, . . . or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.") (internal citations and quotation marks omitted);[7] *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.") (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), and *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982)).

Here, Plaintiff has failed to reference any statute that suggests that the United States waived sovereign immunity, nor does he directly address Defendants' sovereign immunity arguments in response to the Motion to Dismiss. Although Plaintiff protests in the Complaints that his suits are "not against the

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

IRS," he alleges that Defendants engaged in wrongful conduct during their scope of work as IRS agents, as discussed in Section II(B) above.  Even with the liberal construction afforded to *pro se* litigants, the undersigned finds that any judgment based on the allegations presented would interfere with the public administration and enforcement of revenue laws, and that any effect of a judgment would compel the Government to act.  *Dugan v. Rank*, 372 U.S. 609, 620 (1963).  Therefore, absent a waiver, sovereign immunity acts as a bar to the consolidated lawsuits.  *JBP Acquisitions, LP v. United States ex rel. FDIC*, 224 F.3d 1260, 1263 (11th Cir. 2000) (citation omitted) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ishler v. Internal Revenue*, 237 F. App'x 394, 397 (11th Cir. 2007) ("[T]he protection of sovereign immunity also generally extends to the employees of those agencies sued in their official capacities.") (citation omitted).

Plaintiff has not alleged any basis for a waiver of sovereign immunity; however, Defendants have provided examples of waivers of sovereign immunity pertinent to tax-related suits, and have explained why these waivers are unavailable to Plaintiff.  For example, while certain sections of the Internal Revenue Code provide for a waiver of sovereign immunity, none of those sections apply here.  *See, e.g.,* 26 U.S.C. § 7431 (concerning unauthorized disclosure and inspection of tax return information); § 7432 (concerning failure to release a recorded tax lien); § 7433 (concerning the unauthorized collection of

federal taxes).[8]

Nor does the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, provide an applicable waiver of sovereign immunity. The FTCA waives sovereign immunity in certain cases, but not for claims relating to the assessment of taxes. *See* 28 U.S.C. § 2680(c) (providing an explicit exception to the waiver of sovereign immunity for "[a]ny claim arising in respect of the assessment or collection of any tax"); *see also Al-Sharif v. United States*, 296 F. App'x 740, 742 (11th Cir. 2009) (per curiam).

Moreover, even if Plaintiff could successfully argue that he has sufficiently alleged claims against Defendants in their individual capacities, those claims necessarily fail. As noted by Defendants, such claims would be governed by *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The law is clear that damages are available in a *Bivens* action only if the plaintiff has no alternative means of seeking redress. *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004). Here, Plaintiff cannot proceed under *Bivens* because "the availability of adequate statutory avenues for relief forecloses a

---

[8] The revenue laws distinguish between the collection of taxes (including penalties) and the assessment of taxes. Plaintiff's allegations concern the investigation and audit of his tax return preparation business, resulting in the assessment of penalties against him as a paid tax preparer. *See Gandy Nursery, Inc. v. United States*, 412 F.3d 602, 607 (5th Cir. 2005) ("[Section] 7433 is not the proper vehicle for recovering damages relating to an improper assessment of taxes."); *Lyerly v. United States*, No. 2:15-cv-745-LSC, 2016 WL 6522356, at *5 (N.D. Ala. Nov. 3, 2016). Plaintiff also failed to allege exhaustion of his administrative remedies pursuant to Section 7433, as required. *See Galvez v. I.R.S.*, 448 F. App'x 880, 887 (11th Cir. 2011).

*Bivens* action against individual IRS agents for alleged constitutional violations with respect to the collection and assessment of taxes." *Al-Sharif*, 296 F. App'x at 742.

## III. CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's Motions to Strike (**Docs. 19, 21-23, 26**) be **DENIED**.

2. Plaintiff's Motion to Clarify (**Doc. 27**) be **DENIED**.

3. Plaintiff's Motion to Remand (**Doc. 28**) be **DENIED**.

4. Defendant's Motion to Dismiss (**Doc. 16**) be **GRANTED** and Plaintiff's Complaints be dismissed without prejudice.

5. The Clerk of Court be **DIRECTED** to terminate any pending motions and close the consolidated cases (Case Nos. 3:16-cv-1490-J-34MCR, 3:16-cv-1491-J-34MCR, 3:16-cv-1492-J-34MCR & 3:16-cv-1555-J-34MCR).

**DONE AND ENTERED** at Jacksonville, Florida, on June 1, 2017.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff

Counsel of Record